## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 0:12-CV-61639-RSR

JEREMY MILLER, on his own behalf and
others similarly situated,

        Plaintiff,

   v.

HYATT CORPORATION, a Delaware
corporation,

        Defendant.

_____

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Hyatt Corporation, by and through its attorneys, and for its Answer to Plaintiff Jeremy Miller's Complaint, states as follows:

### COMPLAINT

### COMPLAINT ¶1:

Plaintiff, JEREMY MILLER (hereinafter referred to as "Plaintiff"), was an employee of Defendant, HYATT CORPORATION, a Delaware corporation (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

### ANSWER:

Defendant admits that Plaintiff was an employee of Defendant, and that Defendant is a Delaware corporation. Defendant also admits that Plaintiff purports to bring this action on

behalf of himself and other individuals under the FLSA.  Defendant denies the remaining allegations in Paragraph 1.

**COMPLAINT ¶2:**

During his employment with Defendant, Plaintiff was titled a "Sous Chef."

**ANSWER:**

Defendant admits the allegations in Paragraph 2.

**COMPLAINT ¶3:**

Plaintiff performed his duties at the Hyatt Regency Bonaventure in Weston, Broward County, Florida.

**ANSWER:**

Defendant admits the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Defendant, HYATT CORPORATION, is Delaware corporation with its principal place of business in Chicago, Illinois. At all times material, HYATT CORPORATION was authorized to do business in the state of Florida, and did so at multiple locations throughout the state of Florida, including Weston, Broward County, Florida.

**ANSWER:**

Defendant admits the allegations in Paragraph 4, but denies that it currently operates or owns the hotel in Weston, Broward County, Florida, where Plaintiff previously worked.

**COMPLAINT ¶5:**

This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits that Plaintiff has brought this action under the FLSA to recover the relief requested in Paragraph 5, but denies that Plaintiff is entitled to any relief.  Defendant denies the remaining allegations in Paragraph 5.

**COMPLAINT ¶6:**

Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits the allegations in Paragraph 6.

**COMPLAINT ¶7:**

At all times material to this Complaint, Defendant, HYATT CORPORATION, had two (2) or more employees who have regularly handled and/or otherwise worked with goods and/or materials that had been moved in or produced for commerce.

**ANSWER:**

Defendant admits the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Based upon information and belief, the annual gross sales volume of HYATT CORPORATION was in excess of $500,000.00 at all times material hereto.

**ANSWER:**

Defendant admits the allegations in Paragraph 8.

**COMPLAINT ¶9:**

At all times material to this Complaint, Defendant, HYATT CORPORATION was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

**ANSWER:**

    Defendant admits the allegations in Paragraph 9.

**COMPLAINT ¶10:**

    Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with Defendant within the three (3) year statute of limitations.

**ANSWER:**

    Defendant admits that Plaintiff sometimes worked in excess of 40 hours in a week. Defendant denies the remaining allegations in Paragraph 10.

**COMPLAINT ¶11:**

    Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant on or after August 2009.

**ANSWER:**

    Defendant denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

    However, Defendant did not pay the employees time and one-half wages for all of the overtime hours worked. Instead, Defendant only paid Plaintiff and the similarly situated employees their salaries, with no additional compensation for the overtime hours worked because Defendant misclassified Plaintiff as exempt from the overtime provisions of the FLSA.

**ANSWER:**

    Defendant admits that it classified Plaintiff as exempt from the overtime provisions of the FLSA, and that Plaintiff did not receive overtime pay for hours worked in excess of 40 in a week

4

because he was classified as an exempt employee.  Defendant denies the remaining allegations in Paragraph 12.

**<u>COMPLAINT ¶13:</u>**

Plaintiffs primary duties were non-exempt in nature, and included food preparation and cleaning.

**<u>ANSWER:</u>**

Defendant denies the allegations in Paragraph 13.

**<u>COMPLAINT ¶14:</u>**

The additional persons who may become Plaintiffs in this action are Defendant's current and former salaried, misclassified employees, however titled, who have worked in excess of Forty (40) hours per week in one or more work weeks during or after August 2009, without being compensated at the rate of time and one-half of their applicable regular rates of pay for all of their overtime hours worked because Defendant misclassified them as exempt from the overtime provisions of the FLSA.

**<u>ANSWER:</u>**

Defendant denies the allegations in Paragraph 14.

**<u>COMPLAINT ¶15:</u>**

The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees are in the possession, custody, and/or control of Defendant.

**<u>ANSWER:</u>**

Defendant admits that it has records regarding the compensation paid to Plaintiff. Defendant denies the remaining allegations in Paragraph 15.

<u>COUNT I</u>
<u>RECOVERY OF OVERTIME COMPENSATION</u>

**COMPLAINT ¶16:**

Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 15 above.

**ANSWER:**

Defendant repeats and re-alleges its answers to Paragraphs 1 through 15 as if fully set forth herein.

**COMPLAINT ¶17:**

Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour he worked for Defendant in excess of Forty (40) hours per work week during or after August 2009.

**ANSWER:**

Defendant denies the allegations in Paragraph 17.

**COMPLAINT ¶18:**

All similarly situated employees of Defendant are similarly owed their respective overtime rates for each overtime hour they worked, but were not properly paid by Defendant on or after August 2009.

**ANSWER:**

Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Defendant knowingly and willfully failed to pay Plaintiff and the other employees similarly situated at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week within one or more weeks during the three (3) year statute of limitations.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶19:**

By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurred costs and reasonable attorneys' fees.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Plaintiff demands a jury trial.

**ANSWER:**

Defendant admits that Plaintiff demands a jury trial.

**COMPLAINT ¶22:**

Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**ANSWER:**

Defendant denies that Plaintiff is entitled to recover any attorneys' fees and costs from Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies the same.

Defendant denies that Plaintiff is entitled to any of the relief sought in the non-enumerated paragraph appearing below Paragraph 22.

## AFFIRMATIVE DEFENSES

1.     Plaintiff and the potential class members were exempt from the overtime requirements of the Fair Labor Standards Act.

2.     Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and other employees.

3.     Plaintiff's claims and those of the potential class members are barred, in whole or in part, by applicable statutes of limitations.

4.     Plaintiff's claims and those of potential class members are barred, in whole or in part, to the extent they have been paid all wages to which they are entitled.

5.     Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

DATED: October 19, 2012          Respectfully submitted,

HYATT CORPORATION

By: /s/ Jay Thornton
      Jay Thornton
      Florida Bar No. 323070
      GRAY ROBINSON, P.A.
      401 East Las Olas Blvd., Suite 1850
      Fort Lauderdale, FL 33301
      Telephone: (954) 761-8111
      Facsimile:  (954) 761-8112
      jay.thornton@gray-robinson.com

      Arthur J. Rooney (admission
      application to be filed)
      SEYFARTH SHAW LLP
      131 South Dearborn Street, Suite 2400
      Chicago, Illinois 60603
      Telephone: (312) 460-5000
      Facsimile: (312) 460-7000
      arooney@seyfarth.com

      Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to: Camar R. Jones, Esq., Shavitz Law Group, P.A., 1515 S. Federal Hwy, Ste. 404, Boca Raton, Floriday 33432.

By: s/ J. Jay Thornton
For Gray Robinson, P.A.