UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:12-61639-CIV-ROSENBAUM/SELTZER

JEREMY MILLER, on his own behalf and
others similarly situated,

       Plaintiff,

  v.

HYATT CORPORATION,

    Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT

The parties, Plaintiff JEREMY MILLER and Defendant HYATT CORPORATION, respectfully request that the Court approve the parties' Settlement Agreement (attached as Exhibit 1), because it represents a reasonable compromise of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and dismiss this action with prejudice. In support of this Motion, the parties state as follows:

1. On August 23, 2012, Miller filed a one count Complaint alleging that Defendant violated the FLSA. On November 14, 2012, Michael Franey opted into this action. Both Miller and Franey ("Plaintiffs") are former employees of Defendant and allege that they were misclassified as "exempt" employees under the FLSA. As a result, Plaintiffs seek to recover back overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

2. In his Statement of Claim [DE 9], Jeremy Miller alleged he was owed $6,926.00 in unpaid wages. The parties also conducted a calculation of Michael Franey's damages, which amounted to $2,779.84. Michael Franey did not file a statement of claim however.

15293065v.1

2

3. Defendant vigorously denies Plaintiffs' allegations and that Plaintiffs are entitled to any relief whatsoever. Defendant believes that it properly classified Plaintiffs as exempt under the FLSA.

4. The parties and their counsel recognize and acknowledge the expense of continued lengthy proceedings to prosecute and defend this action, the uncertainty and risk of any litigation, as well as the difficulties and delays inherent in such litigation.

5. The parties engaged in settlement negotiations, which included calculations of Plaintiffs' damages. The parties noted that at most, Plaintiffs would have worked 47.5 hours each week, because they were scheduled to work 50 hours per week, and regularly took 30 minute lunch breaks 5 days a week (which total 2.5 hours of lunch breaks taken each week). Additionally, Plaintiffs took paid time off in multiple work weeks during their employment. Therefore, in such weeks, they would not have worked overtime. Further, Defendant required less staff in some holiday weeks, and as a result, Plaintiffs did not work overtime in many of those weeks.

6. Based on these factors, the parties calculated Plaintiffs' damages. For Jeremy Miller, the parties determined that he could have worked overtime in 72 work weeks, at most. Therefore, based on his salary of $923.07 and working 7.5 overtime hours each week, his damages on his best day in Court would be:

$923.07/48= $19.43 regular rate
$19.43/2 = $9.72 half time overtime rate
$9.72 x 7.5 hours x 72 weeks = $5,248.80.

7. With respect to Michael Franey, he was employed by Defendant from July 2010 to May 2011 and was paid a weekly salary of $980.77. Mr. Franey worked an average of 47.5 hours each week. From a review of Defendant's payroll records, Mr. Franey could only have

worked overtime in approximately 31 of the 38 work weeks.  As a result, his damages on his best day in Court would be: $980.77/48 = $20.65 regular rate; $20.65/2 = $10.33 half time overtime rate; $10.33 x 7.5 x 31 weeks = $2,401.73.

8. Thus, as part of the settlement process, the parties started by first determining what would be the 100%, best day in court per plaintiff after determining how many overtime weeks were potentially available per plaintiff and proper amount of hours per week on average to claim.  From there, the parties discounted plaintiffs' claims due to the strength of Defendant's bona fide defenses, which include the administrative and executive exemptions.  Defendants shared information and data regarding their good faith defenses which preceded the filing of this litigation whereby Defense counsel shared that there had been a per Hyatt location analysis of the exemption for the position at issue.  In light of the fact dispute regarding the applicability of the administrative exemption, the parties have agreed to a compromise resolution of Plaintiffs' claims.  As set forth in the attached Settlement Agreement being submitted for the Court's review, Defendant has agreed to pay Plaintiffs Miller and Franey consideration of $3,750 and $1,750, respectively, to resolve Plaintiffs' claims.

9. With respect to attorneys' fees and costs, they were separately negotiated only after the parties came to agreement on the amount Defendant was willing to pay and Plaintiff were willing to accept for their unpaid wage claims.  This attorneys' fee and cost award was negotiated separately from Plaintiffs' damages, and did not diminish Plaintiffs' damages in any way and was a function of the lodestar of Plaintiffs' counsel. *See Bonetti v. Embarq Management Company*, Case No. 6:07-cv-1335-Orl-31GKJ, 2009 U.S. Dist. LEXIS 68075 (M.D. Fla. August 4, 2009).

10. The damages Plaintiffs are receiving is fair and reasonable in light of Defendant's contention that Plaintiffs are exempt from the overtime provisions of the FLSA, and the fact that Plaintiffs did not work overtime in multiple work weeks during their employment.

11. Both Plaintiffs and Defendant have been represented by counsel during the negotiation process and the parties have informally exchanged information about Plaintiffs' claims.

12. Plaintiffs' counsel acknowledges that: (a) Plaintiffs fully understand the terms of the Settlement Agreement; (b) the Settlement Agreement specifically applies to a knowing and voluntary release of the relevant and specified rights and claims Plaintiffs may have against Defendant; and (c) Plaintiffs have consulted with their counsel of record before signing the Settlement Agreement and have entered into it knowingly and voluntarily.

## **MEMORANDUM OF LAW**

In the Eleventh Circuit, employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees

4

>provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Here, the Court should approve the parties' Settlement Agreement to resolve and release Plaintiffs' FLSA claims against Defendant. The proposed settlement arises out of an action that was a bona fide dispute and adversarial in nature. The parties vigorously disputed both the merits and the potential damages, if any, available to Plaintiffs. Nor did the proposed settlement involve coercion, collusion, or any undue influence. No liquidated damages or compensation within the third year of the 3 year statute of limitations is being paid to Plaintiffs because Defendant is of the position that it properly classified Plaintiffs as exempt from the overtime provisions of the FLSA. As a result, there is no evidence of lack of good faith or willfulness warranting such damages.

Plaintiffs and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims. Based on the facts and circumstances of this case, the parties jointly advise the Court that the amount Defendant has agreed to pay under the Settlement Agreement is a fair and reasonable settlement of a bona fide dispute. The parties therefore respectfully submit that the attached Settlement Agreement should be approved by the Court.

A proposed order is attached as Exhibit 2.

WHEREFORE, the parties respectfully request the Court find the settlement of Plaintiffs' claims to be fair and reasonable and dismiss this action with prejudice.

RESPECTFULLY SUBMITTED, this 22nd day of April, 2013.

| | |
|---|---|
| **SHAVITZ LAW GROUP, P.A.** | **GRAY ROBINSON, P.A.** |
| Counsel for Plaintiff | Counsel for Defendant |
| Camar R. Jones, Esquire | J. Jay Thornton |
| E-mail: cjones@shavitzlaw.com | E-mail: jay.thornton@gray-robinson.com |
| 1515 South Federal Hwy, Suite 404 | 401 East Las Olas Boulevard, Suite 1850 |
| Boca Raton, FL 33432 | Fort Lauderdale, FL 33301 |
| Tel: 561-447-8888 | Tel: 954-761-8111 |
| Fax: 561-447-88316701 | Fax: 954-761-8112 |
| | |
| | **SEYFARTH SHAW LLP** |
| | Arthur J. Rooney |
| | E-mail: arooney@seyfarth.com |
| | 131 S. Dearborn St., Suite 2400 |
| | Chicago, IL 60603 |
| | Tel:  312-460-5530 |
| | Fax:  312-460-7530 |
| | |
| **s/CAMAR R. JONES** | **s/ J. JAY THORNTON** |
| CAMAR R. JONES | J. JAY THORNTON |
| Fl. Bar No.: 720291 | Fl Bar No.: 323070 |

15293065v.1